UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
ORLANDO DIVISION

LINCOLN BENEFIT LIFE COMPANY,

    Plaintiff,

v.                                      Case No:   6:16-cv-538-Orl-40TBS

ADRIENNE LAFRANCE, NELDA
LAFRANCE, CAROLE JEAN FRANCOIS
and ATILIA LERISSON MASSE,

    Defendants.

## ORDER

### (Not for Publication)

This case comes before the Court without oral argument on the following papers and Orders:

- Motion to Compel and Sanctions (Doc. 51);

- Order to Show Cause entered October 21, 2016 (Doc. 60);

- Atilia Lerisson Masse's Response for Rule to Show Cause Entered on October 21, 2016 (Doc. 61);

- Motion for Leave to Withdraw as Attorney of Record for Defendant Atilia Lerisson Masse (Doc. 62);

- Notice of Objection to Defendant's Atilia Lerisson Masse' Motions to Withdraw (Doc. 63); and

- Reply to LaFrance's Notice of Objection to the Undersigned's Motion to Withdraw as Counsel for Masse (Doc. 64).

Plaintiff, Lincoln Benefit Life Company brings this interpleader action to determine who among the Defendants is entitled to the proceeds of a life insurance policy it issued (Doc. 1). All Defendants have answered, and Adrienne LaFrance and Nelda LaFrance

(collectively "LaFrance") have cross-claimed against Carole Jean Francois' (Docs. 15, 27-28).

On August 22, 2016, LaFrance served interrogatories on Defendant Atilia Lerisson Masse ("Masse") (Doc. 51, ¶ 9). She failed to answer the interrogatories and on September 28, her attorney, Kertch J. Conze and LaFrance's attorney, Maurice Arcadier discussed the matter (Id., ¶ 15). During the conversation, Mr. Conze agreed to provide Masse's responses to the interrogatories by October 7 (Id., ¶ 15).

Masse lives in Spain and "has no meaningful contact with the United States." (Doc. 62, ¶ 3). Counsel agreed to take her deposition on November 4, 2016 in Castellon De La Plana, Spain (Id., ¶ 4). In order to take the deposition, Mr. Arcadier arranged for a Haitian Creole interpreter, a court reporter from the United Kingdom, a hotel room for the court reporter, a tech company to provide high speed wifi and other logistical services, and additional hotel rooms and conference rooms (Doc. 63, ¶ 22). He also made arrangements to travel to and from Spain, and he blocked his calendar to be out of his office for three days to take the deposition (Id.).

With Hurricane Matthew threatening the east coast of Florida, Mr. Arcadier unilaterally extended to October 11, 2016, the deadline for Masse to answer the interrogatories (Doc. 51, ¶ 17). On October 13, after Masse still had not answered, Mr. Arcadier filed the pending motion to compel (Id.).

After the motion to compel was filed, Mr. Conze motioned the Court to extend the time for Masse to respond to unidentified discovery (Doc. 53). The motion was denied without prejudice because it did not comply with the meet-and-confer requirements of Local Rule 3.01(g) (Doc. 55). The motion also did not contain a memorandum of law as required by Local Rule 3.01(a).

Following entry of the Court's Order, Mr. Conze filed an amended motion for an extension of time for Masse to respond to unidentified discovery[1] (Doc. 56). The motion contains the following certificate of counsel pursuant to Rule 3.01(g) (the "Certificate"):

> The Defendant, ATILIA LERISSON MASSE, by and through her undersigned counsel, hereby certifies that she has conferred with attorney for the Plaintiff in a good faith effort to resolve the issues raised by this motion, and the parties have been unable to agree on the resolution of the motion.

(Id., at 2).

Mr. Arcadier objected and alleged that contrary to the Certificate, there was no good faith conference between counsel before the amended motion was filed (Doc. 57 at 3-4). Concerned, the Court issued an Order directing Mr. Conze to reply to the objection (Doc. 58).

Mr. Conze has replied and now, based upon all the relevant papers that have been filed, the Court finds that on October 17 a telephone conference between Mr. Conze and Mr. Arcadier was scheduled for the following day, October 18 at 10:00 a.m. (Doc. 57, ¶ 5; Doc. 61, ¶ 5). The purpose of the telephone conference was for the attorneys to conduct a Rule 3.01(g) conference before the amended motion was filed (Doc. 61, ¶ 5). Later on the 17th, after the telephone conference had been scheduled, Mr. Conze phoned Mr. Arcadier's paralegal (Elizabeth), and asked her to ask Mr. Arcadier "if he objected or had no-objections to the Motion for Extension." (Doc. 57 at 3). Elizabeth checked and responded that Mr. Arcadier objected (Doc. 57, ¶ 5). After hearing this, Mr. Conze filed the amended motion for an extension of time to complete discovery (Doc. 56). The motion

---

[1] The Court now understands that both motions were intended to obtain an extension of time to answer the interrogatories. Both motions were a waste because they did not satisfy the requirements of Fed. R. Civ. P 6(b)(1)(B).

having been filed, Mr. Conze and Mr. Arcadier did not speak on October 18 (Doc. 59, ¶ 4). Mr. Conze explains:

> After receiving Mr. Arcadier's message that he was objecting to my request and his formal objection filed on October 17, 2016, it would have clearly been futile to carry on the 10:00 A.M. conference after carefully reading Mr. Arcadier's position in his motion filed the day before the conference.

(Id.). The objection to which Mr. Conze refers was not filed until after he filed Masse's amended motion for extension of time. Because there was no Rule 3.01(g) conference before the amended motion was filed, it was denied, and Mr. Conze was ordered to show cause why he should not be sanctioned for making a material, false statement to the Court (Doc. 60). In response to the Order to Show Cause Mr. Conze says:

> 4. When the undersigned contacted opposing counsel on October 17, 2016 and communicated with opposing counsel, through opposing counsel's assistant, ELIZABETH, the undersigned believed, perhaps erroneously, that said conversations satisfied the requirement imposed by Rule 3.01(g). During said conversation, opposing counsel knew of the undersigned's request for an extension of time to file responses to interrogatories propounded on Defendant. Opposing counsel also knew the reason as to why the undersigned was requesting an extension of time. Opposing counsel, however, did not agree with the undersigned's request and objected to same.
>
> 5. The undersigned would admit that the Reply filed [Doc. 58] could have been presented and worded in a clearer fashion to avoid any confusion or any belief that the undersigned has attempted to mislead the Court in any way. To clarify for the Court, the Conference Call scheduled for August 18, 2016 at 10:00 A.M. was scheduled before the undersigned communicated with opposing counsel, through his assistant Elizabeth. During the afternoon hours of October 17, 2016, after receiving messages from opposing counsel, through his assistant Elizabeth, and reading opposing counsel's formal objection to the undersigned's request, it was at time that the undersigned believed any other conference [conference scheduled for October 18, 2016], on that motion, would have been futile. In retrospect, it would have been better practice for

- 4 -

> the undersigned to continue communicating with opposing counsel and to maintain the Conference Call set for October 18, 2016. Regretfully, the October 18, 2016 conference did not happen.
>
> 6. The undersigned had absolutely no reason whatsoever to intentionally confuse or mislead the Court in the statements made in his Reply [Doc. 59] as filed. If the Court were to believe that the undersigned misunderstood or misinterpreted the application of Rule 3.01(g), the undersigned would stand corrected.

(Doc. 61, ¶¶ 4-6).

Mr. Conze also informed the Court that he had lost contact with Masse near the end of September, 2016 and had to engage an investigator to locate her (Id., ¶¶ 7-8). When Mr. Conze next spoke to Masse he learned that she had had leg surgery and was hospitalized (Id., ¶ 9). In a subsequent conversation, Masse said she was unwilling to attend her deposition on November 4 (Doc. 61, ¶ 6). It was this conversation that prompted the filing of Mr. Conze's motion to withdraw (Id., ¶ 7). As grounds for the motion, he cites his inability to maintain contact with Masse, states that she has not fulfilled her obligations to him, that his continued representation would impose a financial burden on him, and he says Masse has otherwise made the representation unreasonably difficult (Id.). Mr. Arcadier objects to the motion to withdraw on the grounds that Mr. Conze has not given adequate notice, and because he is generally frustrated and unhappy about his dealings with Mr. Conze (Doc. 63). Mr. Conze has filed an unauthorized reply to the objection (Doc. 64).

LaFrance's Motion to Compel and Sanctions seeks an order compelling Masse to answer the interrogatories and for an award of $750 in attorney's fees (increased to $3,500 if the interrogatory answers are not provided by October 28, 2016) (Doc. 51). A party can serve on any other party written interrogatories pertaining to matters within the

scope of FED. R. CIV. P. 26(b). FED. R. CIV. P. 33(b)(3). The party upon whom interrogatories are served has 30 days to respond, either by filing answers or objections to the interrogatories. FED. R. CIV. P. 33(b)(2). If the party propounding the interrogatories does not receive a response, then it may request an order compelling a response. FED. R. CIV. P. 37(a). Masse has not answered the interrogatories, objected to them, filed a motion for a protective order, or filed a response in opposition to the motion to compel. Accordingly, and because the deadlines for all of these actions have expired, the motion to compel is **GRANTED**. Masse has **through November 22, 2016** to answer under oath, and in full, the interrogatories propounded to her by La France.

When a court decides a motion to compel the prevailing party is entitled to its costs, including reasonable attorney's fees, unless (i) the requesting party failed to make a good faith attempt to obtain the discovery without a court order; (ii) the responding party's position was substantially justified; or (iii) other circumstances make an award of expenses unjust. FED. R. CIV. P. 37(a)(5)(A), (B). None of the exceptions apply. Accordingly, and because Masse did not object to the amount sought, **LaFrance is awarded $750 in attorney's fees**, now taxed against Masse, in connection with her motion to compel.

Contrary to his representation in the Certificate, Mr. Conze did not confer with Mr. Arcadier before filing the amended motion. Still, Mr. Conze says he believed the Certificate was true. The Court is incredulous. He is presumed to know what the word "confer" means. If he doesn't, he should look it up. As a member of the Bar of this Court, Mr. Conze is supposed to know its Local Rules including Rule 3.01(g) which provides:

> (g) Before filing any motion in a civil case, except a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class

> action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action, the moving party shall confer with counsel for the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement (1) certifying that the moving counsel has conferred with opposing counsel and (2) stating whether counsel agree on the resolution of the motion. A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. The moving party retains the duty to contact opposing counsel expeditiously after filing and to supplement the motion promptly with a statement certifying whether or to what extent the parties have resolved the issue(s) presented in the motion. If the interested parties agree to all or part of the relief sought in any motion, the caption of the motion shall include the word "unopposed," "agreed," or "stipulated" or otherwise succinctly inform the reader that, as to all or part of the requested relief, no opposition exists.

M.D. FLA. Rule 3.01(g). Mr. Conze is also supposed to know what the Case Management and Scheduling Order ("CMSO") governing the case says:

> **A. Certificate of Good Faith Conference –** Before filing any motion in a civil case, the moving party shall confer with the opposing party in a good faith effort to resolve the issues raised by the motion, and shall file with the motion a statement certifying that the moving party has **conferred** with the opposing party, and that the parties have been unable to agree on the resolution of the motion. Local Rule 3.01(g); Fed. R. Civ. P. 26(c). A certification to the effect that opposing counsel was unavailable for a conference before filing a motion is insufficient to satisfy the parties' obligation to confer. *See* Local Rule 3.01(g). No certificate is required in a motion for injunctive relief, for judgment on the pleadings, for summary judgment, to dismiss or to permit maintenance of a class action, to dismiss for failure to state a claim upon which relief can be granted, or to involuntarily dismiss an action. Local Rule 3.01(g). Nonetheless, the Court expects that a party alleging that a pleading fails to state a claim will confer with counsel for the opposing party before moving to dismiss and will agree to an order permitting the filing of a curative amended pleading. Fed. R. Civ. P. 15. The term "counsel" in Rule 3.01(g) includes *pro se* parties acting as their own counsel, thus requiring movants to confer with pro se parties and requiring *pro se* movants to file Rule 3.01(g) certificates.

> The term "confer" in Rule 3.01(g) requires a substantive conversation *in person or by telephone* in a good faith effort to resolve the motion without court action and does not envision an exchange of ultimatums by fax, letter or email. Counsel who merely "attempt" to confer have not "conferred." Counsel must respond promptly to inquiries and communications from opposing counsel. Board of Governors of the Florida Bar, Ideals and Goals of Professionalism, ¶ 6.10 and Creed of Professionalism ¶ 8 (adopted May 16, 1990), available at www.floridabar.org (Professional Practice - Henry Latimer Center for Professionalism). The Court will deny motions that fail to include an appropriate, complete Rule 3.01(g) certificate.

(Doc. 42 at 5-6).

The Court fails to comprehend how a lawyer who was attempting to "confer," knew the Local Rules, and who had read the CMSO could believe a telephone conversation with the opponent's paralegal would satisfy Rule 3.01(g). Under the circumstances, sanctions are appropriate. In this instance, the Court will simply admonish Mr. Conze. But, if he wishes to continue to practice in the Middle District of Florida then it is incumbent on him to know, understand, and comply with the Federal Rules, the Local Rules and Court orders.[2] Now, the Order to Show Cause entered October 21, 2016 (Doc. 60), is **DISCHARGED**.

The Motion for Leave to Withdraw as Attorney of Record for Defendant Atilia Lerisson Masse (Doc. 62) is **DENIED without prejudice** because it does not contain contact information for Masse. Should the motion be granted she will be *pro se* at which point the Court and counsel must know how to communicate with her.

Local Rule 3.01(c) prohibits the filing of a reply without leave of court. Mr. Conze never sought leave to file a reply. Accordingly, the Reply to LaFrance's Notice of

---

[2] In addition to the defalcations already discussed, Mr. Conze filed his client's FED. R. CIV. P. 26 initial disclosures in violation of Rule 5(d)(1) and Local Rule 3.03(d) (Docs. 49-50).

Objection to the Undersigned's Motion to Withdraw as Counsel for Masse (Doc. 64) is **STRICKEN**. The Clerk shall remove the reply from the docket.

**DONE** and **ORDERED** in Orlando, Florida on November 8, 2016.

*[signature]*

THOMAS B. SMITH
United States Magistrate Judge

Copies furnished to Counsel of Record